**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **Cromwell Gene,** | X | |
| *Plaintiff,* | X | |
| | X | |
| v. | X | |
| | X | |
| **John F. Kelly**, Secretary, Department of | X | Case No. |
| Homeland Security; **James McCament,** | X | |
| Acting Director, Citizenship and Immigration | X | |
| Services; **Robert Cowan,** | X | |
| Director, National Benefits Center, | X | |
| Citizenship and Immigration Services, | X | |
| *Defendants.* | X | |
| | / | |

## COMPLAINT

To the Honorable Judge of Said Court :

## I. INTRODUCTION

This action is brought by Plaintiff to request that this Court compel Defendants to reopen and properly adjudicate a Form I-765, Application for Employment Authorization. As described *infra*, Plaintiff filed a Form I-765 with Defendants and this application was denied by U.S. Citizenship and Immigration Services ("USCIS"). Plaintiff seeks the assistance of this Court to order Defendants to reopen and adjudicate the Form I-765 pursuant to the governing law. In the alternative, Plaintiff seeks review of said denial under the Administrative Procedure Act ("APA").

## II. PARTIES

1. That the Plaintiff, **Cromwell Gene** (A 200-482-506), is a native and citizen of Haiti.
2. That the Defendant, **John F. Kelly**, is the Secretary of the Department of Homeland Security. He is responsible for the administration and enforcement of the

Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*. Defendant Kelly is being sued in his official capacity.

3. That the Defendant, **James McCament**, is the Acting Director of USCIS, an agency of the United States government involved in the acts challenged in this action. Defendant McCament is being sued in his official capacity.

4. That the Defendant, **Robert Cowan**, is the Director of the United States Immigration and Citizenship Services' National Benefits Center, an office within USCIS that was responsible for adjudicating the immigration benefit application at issue herein. Defendant Cowan is being sued in his official capacity.

## III. JURISDICTION

5. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

6. That jurisdiction is also conferred by 5 U.S.C. §704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

7. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

8. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## IV. VENUE

9. That venue is proper in the Tampa Division of the Middle District of Florida as Plaintiff resides in Hillsborough County, Florida.

## V. REMEDY SOUGHT

10. That Plaintiff seeks to have this Court compel Defendants to reopen and properly adjudicate an application for employment authorization filed with Defendants and to accordingly issue an employment authorization document ("EAD") to Plaintiff. Alternatively, Plaintiff seeks to have the denial of his application for employment authorization reviewed under the APA.

## VI. CAUSE OF ACTION

11. That Plaintiff is a native and citizen of Haiti who filed a Form I-765, Application for Employment Authorization ("Form I-765"), with USCIS through its National Benefits Center ("NBC").
12. That Plaintiff last filed a Form I-765 with the TSC on or about October 14, 2016. This application was assigned receipt number MSC 17-901-04923. This application was denied via a decision dated March 13, 2017.
13. That this application sought to accord Plaintiff permission to accept employment through a pending Form I-485, Application to Register Permanent Resident or Adjust Status (Form I-485), that he had previously filed with Defendants.
14. That Plaintiff's Form I-485 was filed with USCIS on September 18, 2014. This filing was issued receipt number MSC 14-916-99790.
15. That at all times pertinent to this matter, Plaintiff's Form I-485 has remained pending before USCIS. With that said, Plaintiff notes that his Form I-485 was denied at some

point and thereafter reopened upon the government's own motion. Plaintiff was notified of the reopening of his Form I-485 via notice dated November 23, 2015.

16. That 8 C.F.R. §274a.12(c) provides, in pertinent part, that

> "[a]n alien within a class of aliens described in this section must apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. USCIS, in its discretion, may establish a specific validity period for an employment authorization document, which may include any period when an administrative appeal or judicial review of an application or petition is pending."

This includes "[a]n alien who has filed an application for adjustment of status to lawful permanent resident pursuant to part 245 of this chapter." 8 C.F.R. §274a.12(c)(9).

17. That on January 23, 2017, the government sent a Request for Evidence ("RFE") to Plaintiff asking that he provide evidence that his Form I-485 remained pending so as to establish his ongoing eligibility for employment authorization pursuant to the aforementioned category.

18. That Plaintiff responded to the RFE within the time provided.

19. That Defendants denied Plaintiff's Form I-765 via decision dated March 13, 2017. Therein, USCIS stated that

> "U.S. Citizenship and Immigration Services (USCIS) records show that you filed an Application to Register Permanent Residence or Adjust Status, Form I-485, on September 18, 2014. A review of the records further indicates that on May 6, 2016 your form I-485 was administratively closed. Because your application for adjustment of status is no longer pending, you are not eligible for employment authorization…."

20. That Plaintiff submits that no statute or regulation defines "administrative closure." Nevertheless, this concept is one commonly used in proceedings before the Immigration Court and Board of Immigration Appeals. In said proceedings,

administrative closure does not terminate or otherwise "moot" the proceeding because closure does not constitute a final administrative order consistent with the definition of that term at 8 U.S.C. §1101(a)(47)(B). *See* Matter of Aguilar-Aquino, 24 I&N Dec. 747-48 n.1 (BIA 2009). While the above mentioned case discusses the finality of an order of removal, Plaintiff submits that the finality of an order of removal is akin to the finality of a decision on an application for an immigration benefit such as the aforementioned Form I-485.

21. That administrative closure does not result in a final decision; it is merely a procedural convenience that authorizes the temporary removal of proceedings from the court's calendar while retaining the proceedings on the court's docket. Matter of Amico, 19 I&N Dec. 652, 654 n. 1 (BIA 1988); *see also* Matter of Peugnet, 20 I&N Dec. 233 (BIA1991); Matter of Munoz-Santos, 20 I&N Dec. 205 (BIA 1990); Matter of Lopez-Barrios, 20 I&N Dec. 203 (BIA 1990). Administrative closure of a case is appropriate to temporarily remove a matter from an Immigration Judge's calendar. Matter of Gutierrez-Lopez, 21 I&N Dec. 479, 480 (BIA 1996).

22. That although Plaintiff's case has been administratively closed by way of the agency's discretion, such procedural action does not result in "final agency action" as contemplated at 5 U.S.C. §706(2). Accordingly, Plaintiff's Form I-485 remains pending administrative review and he continues to be eligible for consideration of an application for employment authorization by virtue of his pending Form I-485. proceedings, and thus those proceedings remain pending.

23. That USCIS erred in determining that the procedural tool of administrative closure results in the finality of Plaintiff's proceedings for purposes of denying Plaintiff's

application for employment authorization. Rather, because Plaintiff's case has not been decided and remains pending he is entitled to a decision on the merits of his application for employment authorization.

24. That based on the foregoing Plaintiff contends that the decision denying the Form I-765 deprived him of his right to have said application properly adjudicated in a fair and just manner.

25. That Plaintiff seeks the aid of this Court in ordering Defendants to properly adjudicate the Form I-765 and to place this application back on the proper track. To determine otherwise would prevent a qualified individual from obtaining the proper determination on the merits of ab application for immigration benefits, notwithstanding Plaintiff's lack of fault for the agency's entry of a decision on his Form I-765 that is inconsistent with concept of "administrative closure" as to his Form I-485.

26. That mandamus is appropriate because there is no other remedy at law. Through the instant action, Plaintiff seeks to compel the government to reach the correct decision in this matter. That Plaintiff's cause of action arises from proper administrative action wrongfully withheld, pursuant to the Mandamus Act and the Administrative Procedures Act.

27. That in the alternative, Plaintiff would incorporate each of the paragraphs above and respectfully request that the denial of his Form I-765 be the subject of judicial review as provided in the APA at 5 U.S.C. §706(2). In so requesting, Plaintiff submits that the denial of his Form I-765 is "final agency action" that is violative of the above-mentioned provision of the United States Code.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;
2. Conduct such hearings and examinations of Plaintiff as is necessary to determine that the relief requested by Plaintiff is warranted as a matter of law;
3. Declare the Defendants actions, or their failure to act in this matter, arbitrary and capricious, an abuse of discretion and not in accordance with law pursuant to 5 U.S.C. §706(1);
4. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to properly adjudicate the application for Employment Authorization. In the alternative, Plaintiff would ask this Court to review the denial of his Form I-765 and determine that the agency's March 13, 2017 decision violates the language set forth at 5 U.S.C. §706(2) ;
5. Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Defendants to make a proper determination on Plaintiff's application for Employment Authorization. In the alternative, Plaintiff would ask this Court to review the denial of his Form I-765 and determine that the agency's March 13, 2017 decision violates the language set forth at 5 U.S.C. §706(2) ;
6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412;
7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

David Stoller, Esquire
Attorney for Plaintiff
Florida Bar #92797
Law Offices of David Stoller, PA
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916

# Table of Contents
# Documents in Support of Complaint
# Cromwell Gene v. John F. Kelly, et al.

Exhibit 1: USCIS Form I-765 denial notice.

Exhibit 2: Copy of response to January 23, 2017Request for Evidence sent to Plaintiff by USCIS.